### Charles Merrill v. Thomas H. Hartwell.

The holder of a land warrant has an absolute right to locate land with it, and to a patent for the land located.

Plaintiff purchased a land warrant of defendant, who guaranteed it "in all respects." With this warrant plaintiff located land, but he was afterwards notified from the Land Office, that the entry was suspended because the Commissioner of Pensions had cancelled the warrant on the allegation that it was issued on forged papers. Plaintiff then brought suit upon the guaranty. It was *held*, That private rights could not be bound by this ex parte and extra judicial proceeding of the commissioner, and that this evidence did not show plaintiff entitled to recover.

*Heard April 11th. Decided April 21st.*

Case made after judgment from Wayne Circuit, where Merrill brought action against Hartwell on a guaranty in a bill of sale of land warrants in the following words: "Guaranteed in all respects." Merrill located the warrant in question in 1854, but had received no patent when, in 1862, he was notified by the Register and Receiver of the Land Office that the warrant was cancelled by the Commissioner of Pensions, and the entry therefore suspended.

The cancelment was on the ground that the warrant, which was issued under the act of Congress of September, 1850, was obtained on false and forged papers. Merrill then brought this action. The Circuit Court gave judgment for defendant.

*J. E. Bigelow*, for plaintiff.

*D. C. Holbrook*, for defendant.

CAMPBELL J. :

Defendant is sued as guarantor of a land warrant which he sold with a guaranty "*in all respects*." Plaintiff located certain lands with it in 1854, and in 1862 he was notified that the entry was suspended because the Commissioner of Pensions had cancelled the warrant. Suit is now brought on the guaranty, claiming this to be a breach of it.

The law of 1850, under which the warrant was issued, prescribes in what way an entry of lands may be made on such a warrant, and provides, that "upon the return of such certificate or warrant, with evidence of the location thereof having been legally made, to the General Land Office, a patent shall be issued therefor."—9 *Stat. U. S.* 520, 521. And the warrants are made assignable by the statute of 1852.—10 *Stat. U. S.* 3.

Whether such a guaranty contains sufficient elements of certainty to enable its holder to enforce it for any liability except title and genuineness, is a question of some nicety. But it cannot be claimed that such a guaranty can go further than to bind the guarantor to the undertaking that the warrant is as valid as any other land warrant under the statute. The statute gives to the holder of every warrant, free from question, an absolute right to locate land under it; and the land officers who refuse to respect it, are guilty of an infraction of law. It can

hardly be claimed that this guaranty is a guaranty against official mistakes or misconduct.

Whatever may be the power of any of the public officers in the department, to decline acting when they suspect fraud, there is no principle which can justify the assumption that their decision can divest private rights or dispose of them finally by assuming to rescind the instruments under which these are asserted. A court of justice is not bound by such *ex parte* and extra judicial proceedings, and must entirely disregard them.— *Glasgow v. Hortiz,* 1 *Black,* 595; *Tate v. Carney,* 24 *How.* 357; *Dubuque & Pacific R. R. Co. v. Litchfield,* 23 *How.* 66; *Arnold v. Grimes,* 2 *Clark* (*Iowa*) 1; *Irvine v. Marshall,* 20 *How.* 558; *O'Brien v. Perry,* 1 *Black,* 132; *People v. State Treasurer,* 7 *Mich.* 366. An entry made on this warrant, if the warrant itself is free from objection, gives a right to a patent under the express terms of the law.

It is unnecessary to decide whether the assignee of a land warrant, valid on its face, can be affected by frauds anterior to its issue, or if he can be in what way the validity of the instrument is to be assailed. No such attempt is made in the case before us, as there is no evidence offered tending to show fraud or forgery.

The 'judgment below must be affirmed, with costs.

The other Justices concurred.